RECEIVED
APR 29 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ELLIOTT JORDAN, JR. | CIVIL ACTION 15-0655 |
| VERSUS | DISTRICT JUDGE DRELL |
| BELLSOUTH TELECOMMUNICATIONS, LLC, et al | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION RE REMAND

Before the court is plaintiff's motion to remand, **Doc. 7,** referred to me by the district judge for report and recommendation. Plaintiff claims that defendant failed to remove the case within 30 days of its receipt of an "other paper", an MRI report, which it provided defendant before suit was served.

Plaintiff sues for damages for personal injuries he alleges he suffered as a result of tripping over a wire belonging to defendant on March 24, 2014. Plaintiff filed suit in Avoyelles Parish on June 26, 2014 but defendant was not served until September 8, 2014. In the meantime, on August 7, 2014 plaintiff sent defendant a cervical MRI report showing:

1. mild to moderate stenosis at C3-4 secondary to posterior disc protrusion/herniation

2. Small posterior disc protrusions at C4-5, C5-6 and C6-7 with minimal spinal stenosis at C6-7

3. Mild to moderate uncovertebral arthritic foraminal narrowing at C3-4 and C4-5.

After defendant was served, it received correspondence from plaintiff's attorney

indicating that plaintiff was scheduled for a discogram and that "[w]e will not delay the scheduling of a surgery procedure recommended by my client's treating physician in order for a Defense Medical Examination." Based on this letter, and its quantum research, defendant removed the case to this court.

Plaintiff now seeks a remand and argues that 1) defendant failed to remove the case within 30 days of it having received an "other paper", being the MRI prior to service of the suit, and 2) defendant waived its right to remove the case by participating in the state court proceeding.

Analysis.

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.

Timeliness.

There is no dispute concerning the amount in dispute or the residence of the parties. Defendant asserts that, as required by Louisiana law, no damage amount was set forth by plaintiff and the only claim in the petition filed in state court was for damages without any description of what the injuries were. Therefore, it removed the case within 30 days of having received discovery responses and the letter from plaintiff's counsel concerning the discogram and the possibility of surgery. Plaintiff argues that defendant was required to remove within 30 days of its having received a copy of the MRI report which plaintiff's counsel sent to defendant after suit was filed but before defendant was served.

The timing of removal of cases from state courts to federal court is set forth in 28 U.S.C. §1446(b), as amended most recently in 2011. There it is provided generally that a notice of

removal shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. If the case is not removable then, it may be removed within 30 days of receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is removable.

In Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392 (5th Cir. 2013) the court reaffirmed the holding of Chapman v. Powermatic, Inc. ,969 F.2d 160 (5th Cir. 1992) which set forth a bright line rule for removal. Chapman also held that the "other paper" must be received AFTER receipt of the initial pleading. Here the MRI report was received BEFORE service was made on defendant.

Further it is questionable to say the least whether the MRI report made it clear that the damages could exceed the statutory limits for removal to this court. The "other paper" must be unequivocally clear and certain in order to start the time for removal running. Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th C. 2002). The fact that plaintiff, a 44 year old male had some stenosis and bulging discs does not necessarily indicate that surgery or other treatment more than conservative care is required. Therefore, even if the MRI report had been received after service of process on the defendant, it is unlikely that the delay for removal would have begun to run based on the report.

### Waiver of the right to remove

Next, plaintiff argues that defendant waived its right to remove the case because it chose to continue litigating in state court after receipt of the MRI report and participated in discovery, a status conference and choosing a trial date.

Waiver of the statutory right to remove an action to federal court must be "clear and

unequivocal." <u>City of New Orleans v. Municipal Administrative Services, Inc.</u>, 376 F.3d 501, 504 (5th Cir. 2004), cert. denied, 543 U.S. 1187 (2005); <u>Regis Asscs.</u>, 894 F.2d at 195; <u>John's Insulation, Inc. v. Siska Constr. Co.</u>, 671 F.Supp. 289, 294 (S.D.N.Y. 1987). "The normal construction of the jurisdiction rules includes a presumption that, where jurisdiction exists, it cannot be ousted or waived absent a clear indication of such a purpose ...." <u>City of New York v. Pullman, Inc.</u>, 477 F.Supp. 438, 443 (S.D.N.Y. 1979).

I have already addressed the fact that the MRI report did not require defendant to remove the case. Further, participation in discovery, a status conference and a trial date setting do not evince a clear and unambiguous intent to waive the right to remove the case and litigate in state court and defendant removed the case as soon as it could legally do so. See <u>Tedford v. Warner-Lambert Co.</u>, 327 F.3d 423 (5th Cir. 2003).

For the foregoing reasons IT IS RECOMMENDED that the motion to remand, doc. #7, be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT**

WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 29th day of April, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE